IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE |
| DEANTHONY FOSTER, | NO. 1:16-CR-128-2-MHC-CMS |
| Defendant. | |

## ORDER

This action comes before the Court on the Final Reports and Recommendations ("R&Rs") of Magistrate Judge Catherine M. Salinas [Doc. 52] recommending that: (1) Defendant's Motion in Limine to Preclude Testimony of Expert Witness FBI Special Agent Chad Fitzgerald [Doc. 107] be denied [R&R at Doc. 160], and (2) Defendant's Motions to Dismiss [Docs. 121, 122, & 123] be denied [R&R at Doc. 162]. The Orders for Service of the R&Rs [Docs. 161 & 163] provided notice that, in accordance with 28 U.S.C. § 636(b)(1) (2012), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Within the required time period, Defendant filed his objections to both R&Rs. [Docs. 164 & 165.]

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which the parties object and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Defendant has made no specific objection to any of the factual findings or legal conclusions made by the Magistrate Judge in either of her R&Rs. In each of his objections, Defendant merely states that "[f]or the reasons set forth" in his prior motions, "Mr. Foster objects to the magistrate judge's recommendations." Def.'s Objs. to the R&R [Doc. 164] at 1-2; Def.'s Objs. to the R&R [Doc. 165] at 1.

"After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." Schultz, 565 F.3d at 1360. "The party's objections must be grounded in fact and warranted by existing law or a good faith argument for the extension rather than a reiteration of arguments already considered and rejected by the Magistrate Judge." United States v. Thomas, No. 1:13-CR-241-1-CAP, 2014 WL 2531952, at *1 (N.D. Ga. June 4, 2014) (internal punctuation and citation omitted).

Because Defendant merely incorporated his prior motions by reference instead of specifying his objections to either of the R&Rs, this Court has reviewed the R&Rs for plain error and finds none. Id.; see also United States v. Brown, No. 1-09-CR-484-TWT, 2011 WL 337073, at *1 (N.D. Ga. Feb. 1, 2011) (finding that "no reasonable purpose would be served by repeating the factual background and legal conclusions set forth in the thorough and well-reasoned Report and

Recommendation" when Defendant merely incorporated her arguments in her prior briefing rather than making specific objections to the R&R).

Accordingly, the Court **OVERRULES** Defendant's objections to the R&Rs, which merely adopted his prior motions [Docs. 164 & 165]. The Court has reviewed both R&Rs and finds no clear error and that the R&Rs are supported by law. The Court **APPROVES AND ADOPTS** the May 11, 2017, Report and Recommendation [Doc. 160] and the May 19, 2017, Report and Recommendation [Doc. 162] as the Opinions and Orders of the Court.

It is hereby **ORDERED** that:

(1) Defendant's Motion in Limine to Preclude Testimony of Expert Witness FBI Special Agent Chad Fitzgerald [Doc. 107] is **DENIED**;

(2) Defendant's Motion to Dismiss Counts 2, 4, 6, 8, 10, 12, and 14 of the Indictment as Duplicitous [Doc. 121] is **DENIED;**

(3) Defendant's Motion to Dismiss Counts 5, 7, 9, 11, 13, and 15 of the Indictment (expanded to include Count 3) due to failure to properly plead aider and abettor liability [Doc. 122] is **DENIED**; and

(4) Defendant's Motion to Dismiss Counts 5, 7, 9, 11, 13, and 15 of the Indictment (expanded to include Count 3), because a Hobbs Act

robbery is not a proper predicate office for liability under 18 U.S.C. § 924(c) [Doc. 123] is **DENIED**.

**IT IS SO ORDERED** this 9th day of June, 2017.

_Mark H. Cohen_
MARK H. COHEN
United States District Judge